UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
    FRANKLIN R. MURRAY                 )    Case No. 08-11101-SSM
                                          )    Chapter 13
                Debtor          )

**MEMORANDUM OPINION**

Before the court is the certification of the debtor in support of his request for a deferment of the credit counseling required by the Bankruptcy Code as a condition of filing a bankruptcy petition. Because the certification does not meet the requirements for a waiver, the court must deny the request, and the case must be dismissed.

The debtor, Franklin R. Murray, filed a voluntary petition in this court on March 6, 2008, for adjustment of his debts under chapter 13 of the Bankruptcy Code. Schedules, a statement of financial affairs and a plan have not yet been filed. With his petition, however, the debtor did file a certification stating as follows:

> My request to be exempt from credit counsel to stop foreclosed today 3/6/08 until be short sale the house. I did not know I needed credit counsel until it was to late to get it. If it not to late may I get it now?

Among the far-reaching changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. §109(h)(1),

Bankruptcy Code. The requirement may be deferred with respect to a debtor who submits to the court a certification that (1) "describes exigent circumstances that merit a waiver" of the credit counseling requirement; (2) "states that the debtor *requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services...during the 5-day period beginning on the date on which the debtor made that request*;" and (3) "is satisfactory to the court." §109(h)(3)(A)(i)-(iii) (emphasis added). The exemption, if granted, is effective for 30 days. §109(h)(3)(B). In addition to deferring credit counseling for up to 30 days, the court has the power to exempt a debtor altogether from the counseling requirement, but only if the debtor is unable to complete the requirement because of mental incapacity, physical disability, or active military service in a military combat zone. § 109(h)(3)(B).

       An impending foreclosure would ordinarily qualify as exigent circumstances. *In re Childs*, 335 B.R. 623 (Bankr. D. Md. 2005). The problem with the debtor's certification, however, is that it does not show that the debtor requested credit counseling from an approved agency but was unable to receive it within five days of the request. The mere fact that a foreclosure might take place within the five day period is not sufficient—in effect, a debtor who waits until the last minute to seek counseling will not be exempt unless the agency is so backed up that it cannot provide the counseling within five days of the request. In the absence of a request for counseling services and the inability to receive it within five days of the request, the

court cannot grant a temporary waiver and has no choice but to dismiss the case. *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005).[1]

      A separate order has been entered consistent with this opinion.

Date: _____           _____
                                        Stephen S. Mitchell
Alexandria, Virginia                        United States Bankruptcy Judge

Copies to:

Franklin R. Murray
2101 S. Quebec St
Arlington, VA 22204
Debtor *pro se*

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee

---

[1] Although dismissal of the case is without formal prejudice to refiling after the debtor obtains the counseling, the debtor should be aware that if he files a new case within <u>one year</u> of the dismissal of the present case, the automatic stay that restrains most types of creditor activity, including foreclosures, will terminate after 30 days unless, within that period, the debtor files—and the court, after notice and a hearing, grants—a motion to extend the automatic stay beyond the 30 days.  See § 362(c)(3), Bankruptcy Code.